**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| THOMAS F. PERRMANN<br>5556 Sidney Road<br>Cincinnati, Ohio 45238 | CASE NO.: **1:05 C V 633**<br>Judge **S. DLOTT** |
| Plaintiff, | **J. HOGAN** |
| v. | **COMPLAINT WITH JURY DEMAND** |
| CF INDUSTRIES, INC.<br>5125 River Road<br>Cincinnati, Ohio 45233 | |
| Defendant. | |

05 SEP 28 PM 3:43

FILED
JAMES BONINI
CLERK

## PARTIES

1.      Plaintiff Thomas F. Perrmann is a citizen and resident of the state of Ohio.

2.      Defendant CF Industries, Inc. is an Illinois corporation doing business in the state of Ohio.  Defendant is an employer within the meaning of federal and state law.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

4.      This Court has federal question jurisdiction over Plaintiff's Counts I and III, which are brought under 29  U.S.C. §626, the Age Discrimination in Employment Act ("ADEA"), and 29 U.S.C. §1001, *et seq.*, the Employee Retirement Income Security Act ("ERISA").

5.      Plaintiff filed a charge with the Equal Employment Opportunity Commission on February 11, 2005.  Plaintiff received his Notice of Right to Sue on July 29, 2005.

6.      This Court has jurisdiction to hear Plaintiff's remaining Counts arising under Ohio common and statutory law pursuant to 28 U.S.C. §§1332 and 1367 because the claims

arise out of facts and circumstances so related to Count I as to form part of the same case or controversy.

7.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial amount of the conduct giving rise to Plaintiff's claims occurred within this District.

## FACTUAL ALLEGATIONS

8.     Plaintiff was born on December 12, 1954.

9.     Plaintiff began full-time employment with Defendant as an Operator on June 5, 1977.

10.     After over 12 years of exceptional service, on or about March 26, 1990, Plaintiff earned promotion to Supervisor of Defendant's Cincinnati Warehouse, and held this position until his termination.

11.     Throughout his employment, Plaintiff served Defendant in various capacities, including, but not limited to, becoming a certified First Aid & CPR Instructor through the Red Cross, serving on the CF Safety Council, and becoming a certified OSHA 501 Trainer.

12.     Over the last five years of his employment with Defendant, Plaintiff received the "Personal Safe Day Award" for completing a work year without a loss time accident.

13.     Throughout his tenure, Defendant never found occasion to discipline or formally coach Plaintiff for any violation of company policy or any failure to fully and satisfactorily perform his duties.

14.     Throughout his tenure, Plaintiff consistently received satisfactory to excellent performance appraisals.

15.     At all times relevant to this Complaint, Plaintiff was a loyal and dedicated employee of Defendant.

2

16.    Plaintiff was fully qualified for the position he held.

17.    On September 13, 2004, after 27 years of dedicated service, Defendant abruptly terminated Plaintiff's employment without just cause.

18.    Defendant replaced Plaintiff with a younger, less qualified individual.

19.    Defendant has engaged in a pattern and practice of age discrimination.

## COUNT I

### (Age Discrimination - ADEA)

20.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21.    Plaintiff was over the age of 40 and qualified for his position at all relevant times.

22.    Plaintiff was replaced by a younger individual with less experience, and younger individuals were treated more favorably by Defendant.

23.    Defendant terminated Plaintiff because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq.

24.    Defendant's actions were intentional and willful.

25.    As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment against Defendant under the ADEA for all damages resulting from its unlawful discriminatory conduct in an amount to be proven at trial.

## COUNT II

### (Age Discrimination - O.R.C. Chapter 4112)

26.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

3

27. Plaintiff was over the age of 40 and qualified for his position at all relevant times.

28. Plaintiff was replaced by a younger individual with less experience, and younger individuals were treated more favorably by Defendant.

29. Defendant terminated Plaintiff's employment because of his age in violation of Ohio Revised Code Chapter 4112.14 and Plaintiff is entitled to judgment pursuant to Section 4112.99.

30. Defendant's actions were intentional and willful.

31. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment against Defendant for all damages resulting from its unlawful discriminatory conduct in an amount to be proven at trial, but in excess of $75,000.

## COUNT III

### (Breach of Ohio Public Policy)

32. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. There are clear public policies expressed in both state and federal law that employees should not be subjected to age discrimination.

34. Discriminating against an employee on the basis of age would jeopardize these clearly established public policies.

35. Defendant's above-described actions violate these established public policies, and Defendant lacked an overriding legitimate business justification for its actions.

36. Defendant's actions constitute a breach of public policy, and were willful, wanton and malicious in nature.

4

37.     As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment against Defendant and is entitled to damages.

## COUNT IV

### (ERISA - 29 U.S.C. § 1001, et seq.)

38.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

39.     Defendant granted certain employee benefits to Plaintiff.

40.     Defendant knowingly terminated Plaintiff's employment to avoid the vesting of these benefits in violation of ERISA.

41.     Defendant's conduct was willful, wanton, and malicious in nature.

42.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial damages and Plaintiff is entitled to judgment.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)     That Defendant be enjoined from further unlawful conduct as described in the Complaint;

(b)     That Plaintiff be awarded all lost pay and benefits;

(c)     That Plaintiff be awarded front pay;

(d)     That Plaintiff be awarded compensatory damages;

(e)     That Plaintiff be awarded punitive damages;

(f)     That Plaintiff be awarded liquidated damages;

(g)     That Plaintiff be awarded reasonable attorneys' fees; and

(h)     That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

5

Respectfully submitted,


Tod J. Thompson (0076446)
Randolph H. Freking (0009158)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
Phone:  513-721-1975
Fax:  513-651-2570
*tthompson@frekingandbetz.com*
*randy@frekingandbetz.com*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.